IN THE U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

LISA LYONS WARD,
6470 Freetown Road, Suite 200-48
Plaintiff, Columbia, MD 21044

v.

ROBERT M. GATES,
SEC, DEPT. OF DEFENSE,

and

PETE GEREN,
SEC, DEPT. OF THE ARMY.

Defendants.

Case: 1:08-cv-02040
Assigned To : Urbina, Ricardo M.
Assign. Date : 11/26/2008
Description: Civil Rights-Non. Employ.



FILED
NOV 2 6 2008
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

DEMAND FOR JURY TRIAL

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs. 1331, 1337, 1343(a) and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988;

2. Venue is appropriate under 28 U.S. 1391.

## PARTIES

3. Plaintiff, Lisa Lyons Ward, is a natural person residing in the State of Maryland, United States of America, was a resident of Maryland during all relevant times of this action.

RECEIVED
NOV 1 2 2008
Clerk, U.S. District and
Bankruptcy Courts

4. Defendant, Robert M. Gates, is the Secretary of Defense and maintains an office at 1400 Defense Pentagon, Washington, D.C. 20301-1400.

5. Defendant, Pete Geren, is the Secretary of the Army and maintains an office at 1400 Defense Pentagon, Washington, D.C. 20301-1400.

## FACTS

6. On or about November 12, 2004, the Plaintiff was conducting a lawful deposition of Defendants' agent.

7. Unbeknownst to Plaintiff at the time, Defendants' agent(s) had conspired and arranged for Plaintiff to be arrested in an attempt to prevent the deposition, as well as irreparably harm Plaintiff and her Plaintiff's reputation, as well as Plaintiff's law practice.

8. Subsequent to Plaintiff's arrest, one of Defendant's agents, telephoned Plaintiff and profusely apologized, in his capacity as Defendant's agent, to Plaintiff, for Plaintiff's unlawful arrest, detention and confinement.

9. That notwithstanding, the other Defendants' agents continued to defame Plaintiff by circulating a PDF file containing defamatory and inflammatory statements

against the Plaintiff as though they were true and accurate even though they knew the same were false and misleading.

10. Additionally, the Defendants' agents attempted to use information they knew to be false, defamatory and/or inflammatory against the Plaintiff in an effort to have Plaintiff removed as counsel on cases involving Defendants' agents, in an effort to drive Plaintiff from the practice of law.

11. No indictment was ever presented against the Plaintiff and Plaintiff was further completely vindicated of the false charges against her.

## COUNT 1: VIOLATION OF 42 U.S.C. 1983: ARREST

12. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 11 above with the same force and effect as if herein set forth.

13. At all times relevant herein, the conduct of all Defendants and their agents were subject to 42 U.S.C. 1985, 1986, and 1988.

14. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

Case 1:08-cv-02040-RMU   Document 1   Filed 11/26/08   Page 4 of 8

4

(a) by securing the deprivation of Plaintiff's liberty without due process of law, by having Plaintiff taken into custody and having Plaintiff held there against her will,

(b) by securing an unreasonable search and seizure of Plaintiff's property without due process of law,

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws,

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

15. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 14 above with the same force and effect as if herein set forth.

16. As a direct result of their concerted securing of Plaintiff's unlawful and malicious detention and confinement of Plaintiff, Defendants and their agents deprived Plaintiff of both her right to her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

## COUNT 3:  VIOLATIONS OF 42 U.S.C. 1983:  STRIP SEARCH

17. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 16 above with the same force and effect as if herein set forth.

18. As a result of their concerted unlawful and malicious arrest, detention and confinement of Plaintiff, Defendants and their agents secured a strip search of Plaintiff's body and thus deprived Plaintiff of both her right to liberty without due process of law and her right to equal protection of the laws and the due course of justice was impeded, in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

## COUNT 4:  VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

19. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 18 above with the same force and effect as if herein set forth.

20. As a result of their concerted unlawful and malicious conspiracy against the Plaintiff by Defendants and their agents, Plaintiff was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution  of the United States and 42 U.S.C. sec. 1983 and 1985.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

21. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 20 above with the same force and effect as if herein set forth.

22. At all times relevant hereto, the arresting officers acted at the behest and direction of the Defendants and their agents.

23. Acting under the color of law and pursuant to official policy or custom, the arresting officers, acting at the behest and the direction of the Defendants and their agents, knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Defendants' agents in their duties to refrain from:

(a) securing the unlawful and malicious harassment of Plaintiff who was acting in accordance with her constitutional and statutory rights, privileges and immunities,

(b) securing the unlawful and malicious arrest, imprisonment and prosecution of a citizen who was acting in accordance with her constitutional and statutory rights, privileges and immunities,

(c) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States, and,

(d) otherwise depriving Plaintiff of her constitutional and statutory rights, privileges and immunities.

## COUNT 6: VIOLATIONS OF 42 U.S.C. 1983:  TORTIOUS INTERFERENCE WITH CONTRACT

24. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 23 above with the same force and effect as if herein set forth.

24. At all times relevant hereto, the Defendants and their agents sought to prevent Plaintiff's lawful legal practice from continuing by securing Plaintiff's arrest, detention and confinement and subsequently, by their widespread perpetration of false and misleading defamatory and inflammatory, of which they knew the same to be false.

## COUNT 7: VIOLATIONS OF 42 U.S.C. 1983:  MALICIOUS PROSECUTION AND ABUSE OF PROCESS

25. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 24 above with the same force and effect as if herein set forth.

26. At all times relevant hereto, the Defendants and their agents were aware that the charges were not based upon probable cause, that is, the state of mind of any legal authority that would not lead a person of ordinary prudence and caution to believe, or entertain a strong suspicion that the Plaintiff had committed the crimes alleged in the

8

relevant arrest documents and/or that what was alleged in the alleged supporting documents constituted a crime(s).

**WHEREFORE**, Plaintiff demands judgment against Defendants and Defendants' agents for injunctive relief, and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses and interest in an amount deemed at the time of trial to be just, fair and appropriate.

RESPECTFULLY SUBMITTED,

_____
Lisa Lyons Ward
6470 Freetown Road, Ste. 200-48
Columbia, Maryland 21044
(410) 905-1003