UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LISA LYONS WARD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-2040 (RMU) |
| | : | | |
| v. | : | Document No.: | 8 |
| | : | | |
| ROBERT M. GATES *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING WITHOUT PREJUDICE THE DEFENDANTS' MOTION TO DISMISS AND
GRANTING THE DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

**I. INTRODUCTION**

This matter is before the court on the defendants' motion to dismiss or, in the alternative, for a more definite statement. The plaintiff, a resident of Maryland, brings a civil rights action under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 against Robert M. Gates and Pete Geren, who are, respectively, the Secretary of Defense and the Secretary of the Army. For the reasons discussed below, the court denies without prejudice the motion to dismiss and grants the motion for a more definite statement.

**II. FACTUAL & PROCEDURAL BACKGROUND**

The factual allegations of the plaintiff's complaint are the following:

- On or about November 12, 2004, the Plaintiff was conducting a lawful deposition of Defendants' agent.

- Unbeknownst to Plaintiff at the time, Defendants' agent(s) had conspired and arranged for Plaintiff to be arrested in an attempt to prevent the deposition, as well as irreparably harm Plaintiff and . . . Plaintiff's reputation, as well as Plaintiff's law practice.

- Subsequent to Plaintiff's arrest, one of Defendant's agents telephoned Plaintiff and profusely apologized, in his capacity as Defendant's agent, to Plaintiff, for Plaintiff's unlawful arrest, detention and confinement.

- That notwithstanding, the other Defendants' agents continued to defame Plaintiff by circulating a PDF file containing defamatory and inflammatory statements against the Plaintiff as though they were true and accurate even though they knew the same were false and misleading.

- Additionally, the Defendants' agents attempted to use information they knew to be false, defamatory and/or inflammatory against the Plaintiff in an effort to have Plaintiff removed as counsel on cases involving Defendants' agents, in an effort to drive Plaintiff from the practice of law.

- No indictment was ever presented against the Plaintiff and Plaintiff was further completely vindicated of the false charges against her.

Compl. ¶¶ 6-11. The plaintiff alleges that the defendants violated her rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by causing her arrest (Count 1), her detention and confinement (Count 2) and her strip search (Count 3), as well as by conspiring to violate her constitutional rights (Count 4) and refusing or neglecting to prevent violations of her constitutional rights (Count 5). *See id.* ¶¶ 12-24. In addition, the plaintiff claims tortious interference with contract (Count 6), and malicious prosecution and abuse of process (Count 7). *See id.* ¶¶ 24-26. She demands unspecified "injunctive relief, and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses and interest." *Id.* at 8.

### III. ANALYSIS

The defendants argue that the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, rendering them unable to file an appropriate response. *See* Defs.' Mot.

at 10-12.  The defendants describe the pleading as "twenty-six vague and ambiguous paragraphs alleging arrest, detention, confinement, strip search, conspiracy, refusing or neglecting to prevent, tortious interference with contract, and malicious prosecution and abuse of process, all allegedly in violation of 42 U.S.C. §§ 1983 and 1985." *Id.* at 10.  They assert that "[i]t is impossible to discern . . . the location of the alleged violations of 42 U.S.C. §§ 1983 and 1985," and that the complaint "is devoid of any description of the individuals involved, whether they were state or federal officials[,] which department the alleged 'agents' work for, or any information sufficient to give Defendant[s] the opportunity to frame a responsive pleading." *Id.* at 2.  Further, the defendants argue, the complaint fails to set forth allegations supporting the plaintiff's conspiracy and defamation claims and "information concerning the 'lawful deposition' the Plaintiff claims she was in the process of conducting." *Id.* at 10.  For these reasons, they move under Rule 12(e) for a more definite statement.  *See id.* at 12.  The defendants also move for dismissal pursuant to Rule 12(b)(6), arguing that the plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1983 and 1985(1), (2) and (3).  *See id.* at 4-10.

The plaintiff responds by "acknowledg[ing] that there are additional yet to be named, unknown defendants," and represents that she "intends to cure said minor defect."  Pl.'s Opp'n at 7.  She adds that she has met the requirements for notifying the defendants set forth in Rule 8. *See id.* at 10.  Further, she claims that she has alleged enough facts to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because she alleges that her arrest was the result of a conspiracy between state and federal actors.  *See id.* at 7.  Moreover, she asserts that she has made sufficient allegations to withstand a motion to dismiss with respect to her 42 U.S.C. § 1985 claim because she was "acting in her capacity as a legal representative" at the time of her arrest,

and therefore, the defendants obstructed justice. *See id.* at 9.

Under Federal Rule of Civil Procedure 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Its purpose is to give fair notice to the defendants of the claim being asserted to allow them to prepare a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). If a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," the court may order the plaintiff to file a more definite statement. FED. R. CIV. P. 12(e); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (stating that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding"). In cases in which it appears from the complaint that the plaintiff could possibly state a claim upon which relief could be granted, but the facts set forth in the complaint are simply "too vague to give the defendants the notice to which they are entitled," granting a defendant's motion for a more definite statement is the appropriate remedy. *Dorsey v. Am. Express Co.*, 499 F. Supp. 2d 1, 3 (D.D.C. 2007).

The court concurs with the defendants that the complaint as drafted is vague and ambiguous, and that the defendants cannot reasonably be expected to prepare a meaningful response to it. Under these circumstances, the court concludes that a more definite statement is in order. *See Woodruff v. Mineta*, 215 F. Supp. 2d 135, 139 (D.D.C. 2002) (granting a Rule 12(e)

motion where "[t]he defendant believe[d] the 'confusion' [could] be 'resolved by the plaintiff simply submitting an amended complaint where he explains in a short factual statement . . . the actions that form the bases of his claims of discrimination,'" and where "the plaintiff himself acknowledge[d] 'his failure to incorporate facts detailing [his allegations] and ask[ed] for a chance to amend his complaint'"); *see also Hilska v. Jones*, 217 F.R.D. 16, 25 (D.D.C. 2003) (concluding that "Rule 12(e) relief is the most suitable remedy . . . when taking into account the *pro se* status of the plaintiff and the fact that the parties are unable to engage in discovery until they are capable of identifying the claims at issue"). The court therefore grants the defendants' motion for a more definite statement and denies without prejudice their motion to dismiss.

Accordingly, the plaintiff shall file a statement including the following information: (1) whether she sues the Secretaries of Defense and the Army in their individual or official capacities, or both; (2) the location and description of the events alleged to have occurred on November 12, 2004; (3) the names of all "agents" and other individuals involved in the events alleged to have occurred on November 12, 2004; (4) whether the "agents" and other individuals involved in the events alleged to have occurred on November 12, 2004 were employees of the federal government and, if so, whether they were employees of the Departments of Defense or the Army; and (5) the dates and locations of, and the names of all individuals involved in, and descriptions of, all other events alleged in the complaint.

In the alternative, the plaintiff may file an amended complaint. *See* FED. R. CIV. P. 15(a). The amended pleading must comply with Rules 8-11 of the Federal Rules of Civil Procedure and all applicable Local Civil Rules of this Court. Her more definite statement or amended complaint must be filed on or before September 16, 2009.

## IV.  CONCLUSION

For the foregoing reasons, the court denies without prejudice the defendants' motion to dismiss and grants the defendants' motion for a more definite statement.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 1st  day of September, 2009.

RICARDO M. URBINA
United States District Judge
